UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02-CR-30056 |
| | ) | |
| JAMAR HENRY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The cause is before the Court on limited remand from the United States Court of Appeals for the Seventh Circuit.

## FACTS

Following an April 4, 2003, bench trial, the Court found Defendant Jamar Henry guilty of possessing with intent to distribute 5 or more grams of crack. See 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Pursuant to the United States Sentencing Guidelines, the Court determined that Henry was a career offender who had a total offense level of 34 and 16 criminal

1

history points.  This resulted in a Guideline range of 262-327 months in prison.  Thus, the Court sentenced Henry to 262 months in prison, 8 years supervised release, and ordered him to pay a $100.00 special assessment.

Subsequently, United States v. Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), deemed the Sentencing Guidelines advisory. Henry appealed his sentence and the Seventh Circuit issued a limited remand pursuant to United States v. Paladino, 401 F.3d 471, 483 (7th Cir. 2005).  See United States v. Henry, 408 F.3d 930, 935 (7th Cir. 2005).

The Court must now state whether the additional discretion afforded by Booker would affect Henry's sentence.  See Henry, 408 F.3d at 935.  Henry and the Government have each submitted position papers regarding Henry's sentence.  The Court has considered the parties' positions as well as the relevant caselaw and statutory authority.

## ANALYSIS

A court shall impose a sentence that is sufficient and necessary to

reflect the seriousness of the offense, promote deterrence, protect the public, and afford the defendant correctional treatment.  See 18 U.S.C. § 3553(a)(1) and (2)(A)-(D).  Courts shall also consider the kinds of sentences available, sentencing ranges established for categories of offenses, pertinent policy statements, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims.  See § 3553(a)(3)-(7).  With this in mind, the Court considers what sentence is appropriate for Defendant Jamar Henry.

     Henry was born September 26, 1975.  His family situation was difficult and he began consuming drugs and alcohol at an early age.  This led to addiction and crime.  Consequently, Henry managed to accumulate multiple felony drug convictions before the instant drug offense, an offense involving 13.1 grams of crack cocaine and 87.1 grams of powder cocaine.

     Although Henry's circumstances have been unfortunate, he nevertheless could choose right from wrong.  Despite this, he unfailingly chose drugs and crime throughout his relatively short life.

Even when the Court considers all the relevant factors listed in § 3553(a), there is no doubt Henry deserves a significant sentence. Thus, the Court finds that a sentence of 262 months in prison, 8 years supervised release, and a $100.00 special assessment is an appropriate sentence. This is the sentence the Court previously imposed and the sentence would not be different regardless of the discretion afforded by Booker. The seriousness of Henry's crime and his criminal history compel a lengthy sentence. Henry needs to be deterred from additional offenses and rehabilitated to the extent possible. Furthermore, the public needs to be protected from Henry, a person who has embraced drugs and crime his entire adult life.

Ergo, the Court finds that the additional discretion afforded by Booker would not have had any impact on the Defendant's sentence. The Court sentenced Henry to 262 months in prison, 8 years supervised release, and a $100.00 special assessment and it would have imposed this sentence even with the discretion afforded by Booker. The Clerk is directed to return the case, along with a copy of this Opinion, to the

United States Court of Appeals for the Seventh Circuit.

IT IS SO ORDERED.

ENTER: August 25, 2005

FOR THE COURT:                              s/ Richard Mills
                                           United States District Judge